IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY WASHAM, | : |
| Movant/Defendant, | : |
| v. | : Civ. Act. No. 11-79-LPS |
| | : Cr. Act. No. 08-116-LPS |
| UNITED STATES OF AMERICA, | : |
| Respondent/Plaintiff. | : |

Gary Washam, *Pro se* Movant.

Robert Kravetz, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

**MEMORANDUM OPINION**

August 12, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Gary Washam ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 26) The United States Government ("Respondent") filed an Answer in Opposition. (D.I. 35) For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f), without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On October 1, 2008, Movant waived indictment and pled guilty to a two count Amended Felony Information, charging him with conspiracy to interfere with commerce by violence (18 U.S.C. § 1951) and knowingly brandishing a firearm during commission of a crime of violence (18 U.S.C. § 924(c) and 2). (D.I. 15, 16, 18) On February 4, 2009, the Honorable Joseph J. Farnan, Jr., sentenced Movant to 180 months of imprisonment; the judgment was entered on February 10, 2009. (D.I. 24) Movant did not appeal.

Movant filed the instant § 2255 Motion in January 2011, at which time the case was reassigned to the undersigned's docket. Respondent filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be denied as time-barred. (D.I. 35)

## III. DISCUSSION

Movant asserts three grounds for relief:[1] (1) Respondent acted in bad faith by declining to file a downward departure motion pursuant to U.S.S.G. § 5K1.1 recognizing his substantial

---

[1] In paragraph eight of the Plea Agreement, Movant agreed to waive both his appellate and collateral rights as part of his plea, except for claims alleging (1) his sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) that his counsel was constitutionally ineffective. (D.I. 18) As set forth in the body of this Opinion, the Court concludes that the instant Motion should be denied as time-barred.

assistance; (2) defense counsel provided ineffective assistance in not challenging Respondent's failure to file a § 5K motion; and (3) Movant was housed in sub-standard conditions during the twenty-two month period he was in custody in a state prison before the Bureau of Prisons moved him to a federal prison.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2), (3), or (4). Therefore, the one-year period of limitations began to run when Movant's conviction became final under § 2255(f)(1).

---

Therefore, the Court will not address whether Movant's complaint about his substandard conditions in state prison allege an issue cognizable on federal habeas review, or whether his complaints about his substandard conditions in state prison and Respondent's failure to file a § 5K Motion for substantial assistance fall outside the scope of his collateral waiver provision.

2

In this case, the Honorable Joseph J. Farnan, Jr., sentenced Movant on February 4, 2009, and the judgment was entered on February 10, 2009. Because Movant did not file a direct appeal, his conviction became final on February 24, 2009, the date on which the fourteen-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Movant had to file his § 2255 Motion no later than February 24, 2010. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Movant did not file the instant § 2255 Motion until January 17, 2011,[3] almost one full year after the expiration of the filing deadline. Therefore, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

## A. Equitable Tolling

The one-year limitations period may tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of § 2255's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date on the Motion -- January 17, 2011 -- as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing . . .")

3

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, Movant attempts to trigger equitable tolling by contending that he was unable to timely file the instant Motion because he was housed in a state prison for twenty-two months without adequate access to the law library or a computer. (D.I 26 at 12) This argument is unavailing. A prisoner's limited access to a law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a causal relationship between the limited library access and the prisoner's late filing. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (prisoner must demonstrate causal relationship between alleged extraordinary circumstances and his late filing); *Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009); *Garrick v. Vaughn*, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003) (collecting cases) ("Routine aspects of prison life such as lockdowns, lack of access to legal resources, and disturbances . . . do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations."). Although Movant contends that he was housed on the "pre-trial side of the prison [] [where inmates] are not allowed to go to the law library," Movant does not allege that he explained his status as a convicted federal offender to prison officials and then requested, and was denied, access to the prison law library, or that he requested, and was denied, a form § 2255 motion while he was housed in the state prison. (D.I. 26 at 12) The Court also notes that Movant has not provided any evidence to support his allegation that his access to the law library was limited or denied. For these reasons, Movant has failed to demonstrate that his alleged limited library access actually prevented him from timely filing the instant § 2255 Motion. Thus,

4

the Court concludes that the doctrine of equitable tolling is not available to Movant on the facts he has presented.

Accordingly, the Court will deny the instant Motion as time-barred.

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VII. CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. The Court shall issue an appropriate Order.